### Charles McClure v. The State.

*No. 1085. Decided February 10th, 1897.*

**Local Option—Illegally Giving Prescription—Recognizance on Appeal.**

A recognizance on appeal for illegally giving a prescription to obtain intoxicating liquor in a local option precinct, is fatally defective, if it fails to recite, that said prescription was given after the qualified voters of said county had determined, at an election for that purpose, that the sale of intoxicating liquors should be prohibited in said precinct.

APPEAL from the County Court of Eastland. Tried below before Hon. G. W. DAKAN, County Judge.

Appeal from a conviction for illegally giving a prescription to be used in obtaining liquor in a local option precinct; penalty, a fine of $25 and twenty days' confinement in the county jail.

The Assistant Attorney-General moved to dismiss the appeal, because the recognizance was fatally defective.

No brief for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted under an indictment charging him with giving a prescription to be used in obtaining intoxicating liquors in a local option precinct, and appeals. The recognizance binds the appellant "to well and truly make his personal appearance before the honorable County Court of Eastland County, at the court house of said county, in Eastland, from day to day and from term to term until discharged by due course of law, then and there to answer the State of Texas upon a charge by indictment duly presented in said court, wherein the said Charles McClure is accused of the offense of unlawfully, in the county of Eastland and State of Texas, giving a prescription to be used in obtaining intoxicating liquor in said county and

State, in which said county the sale of intoxicating liquors had theretofore been, and was then and there, prohibited under, and by the laws of said State of Texas, and the said Charles McClure not then and there being a regular practicing physician, and of which offense the said Charles McClure has been convicted in this court," etc. We are of opinion that this recognizance is fatally defective in not reciting therein that this prescription was given after the qualified voters of said county had determined, at an election held for that purpose, that the sale of intoxicating liquors should be prohibited therein. This recognizance, to say the least of it, is very informal, if not illegal, in other respects. There may be some question as to whether the requirement "that the defendant shall make his personal appearance before the honorable County Court of Eastland County, Texas, at the court house of said County of Eastland from day to day and from term to term until discharged by due course of law," is equivalent to the statutory requirement to appear before that court from day to day and term to term, and not depart without leave of this court." But, whether it is or not, it is defective in regard to the matter pointed out. The motion of the Assistant Attorney-General is well taken, and the appeal is dismissed.

*Dismissed.*